**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JAMES D. JONES, 02666-087**                                              **PETITIONER**

**VS.**                                              **CIVIL ACTION NO. 5:10cv132-DCB-JMR**

**BRUCE PEARSON**                                              **RESPONDENT**

---

**REPORT AND RECOMMENDATION:**

This matter comes before the Court pursuant to Petitioner James Jones' Petition [1] for Habeas Corpus and Memorandum [2] in Support thereof. The Respondent filed a Response [10] to which the Petitioner filed a Reply [12]. The case was reassigned to this Court on February 2, 2011, and is now in a posture for resolution. After considering the Petition and Memorandum in Support, the Response, and all pleadings of the record in conjunction with the applicable law, the Court finds that the Petition should be denied for failure to exhaust administrative remedies.

**STATEMENT OF THE CASE**

Petitioner Jones was convicted on two counts of possession of a firearm in violation of 18 U.S.C. § 924(c)(1) and is currently serving a 300-month sentence in the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"). In his petition, Jones claims that the Bureau of Prisons ("BOP") is using information in his presentence investigation report ("PSR"), namely another conviction that Jones claims should be considered as a the same course of conduct, in an improper manner that negatively affects the execution of his sentence.

In the response, the Warden contends that denial of the application is proper because (1)

Jones failed to exhaust administrative remedies and (2) inmates have no liberty interest in BOP's classification decisions.

## ANALYSIS

A prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993). To be excused from this exhaustion requirement, the complainant must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. *See Fuller*, 11 F.3d at 62. These exceptions "apply only in extraordinary circumstances, and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (internal citations omitted).

The BOP has established a three-tiered Administrative Remedy Program governing formal review of inmate complaints relating to any aspect of imprisonment. *See* 28 C.F.R. §§ 542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. *Rourke*, 11 F.3d at 49. These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to BOP staff; if not satisfied with the result, he must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate BOP Regional Director. *See* 28 C.F.R. §§ 542.10 et seq. The final appeal is to the BOP's Central Office in Washington, D.C., "within 30 calendar days of the date that the Regional Director signed the response." *Id.* at 542.15(a).

The professed "gravamen" of Jones' complaint is that the BOP is improperly using the information in his PSR "to affect the manner in which the sentence is being executed." Mem. [12] 2-3. In his petition, Jones admits he has not exhausted administrative remedies. *Id.* at 5. He argues that any attempt to do so would be futile because only a court may amend the PSR to disallow the

use of disputed facts in determining his custody classification, not the BOP. However, Jones has failed to produce any facts that tend to prove that an administrative challenge to the BOP's use of the information would be patently futile or inappropriate. In fact, Jones' petition is illustrative of many, if not all, of the stated policy purposes underlying the doctrine requiring exhaustion of federal administrative proceedings as a precedent to judicial relief:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Patsy v. Florida Intern. University*, 634 F.2d 900, 903 (5th Cir.1981), *rev'd on other grounds sub nom., Patsy v. Bd. of Regents*, 457 U.S. 496 (1982) (citing *McKart v. United States*, 395 U.S. 185, 193-95 (1969)). For those many reasons, the question of whether this information is being properly used by the BOP should first be presented to BOP authorities for proper consideration before this Court intervenes. Accordingly, the petition should be denied.

## CONCLUSION

According to the foregoing analysis, it is the recommendation of this Court that the Petition for Writ of Habeas Corpus be denied for failure to exhaust administrative remedies.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from

attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the   2nd   day of February, 2012.

                                                      s/ John M. Roper, Sr.
                                           CHIEF UNITED STATES MAGISTRATE JUDGE