IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JAMES D. JONES,02666-087**                                              **PETITIONER**

**VS.**                                **CIVIL ACTION NO.5:10-cv-132-DCB-JMR**

**BRUCE PEARSON**                                                          **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of Chief Magistrate Judge Roper wherein he recommends that Petitioner James Jones's Petition for Writ of Habeas Corpus [docket entry no. 1] be denied. Having considered the Report and Recommendation [**docket entry no. 19**], Petitioner's Objection thereto [docket entry no. 22], applicable statutory and case law, and being otherwise fully advised in the premises, the Court adopts the Report and Recommendation in full.

In his Objection, Petitioner disputes the Report and Recommendation that his Petition should be dismissed for failure to exhaust administrative remedies.[1] He challenges this recommendation

---

[1] The Respondent also argued that Petitioner's claim for relief properly arises under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. The Court cannot convert the Motion to a § 2255 motion in order to rule on its merits because it lacks jurisdiction to rule on any claims attacking the sentence. Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000). It could convert the Motion and dismiss it with prejudice with respect to the jurisdictional issue alone. Id. at 455. However, it is not clear from the Petition whether Petitioner is attacking the conditions of his confinement or the terms of his sentence, and therefore the Court will not convert the motion to a § 2255 motion. The Court notes, however, that if Petitioner wishes to challenge the Presentence Report itself, he should file a § 2255 motion with his sentencing court.

by producing an Inmate Request to Staff form, completed on February 23, 2012, which he suggests demonstrates that he did in fact exhaust his administrative remedies. See docket entry 22-1. In the "Disposition" section of the form, Case Manager Moore, the case manager who was assigned to the request, states that he investigated the merits of Petitioner's complaint in 2010 and received a letter from the probation office which stated that Petitioner's Presentence Report was properly scored.[2] Id. Neither the recently filed form or even the initial 2010 request form indicate that Petitioner exhausted his administrative remedies, a process which entails much more than simply filing a form. See R & R at pg. 2. Furthermore, Petitioner has not shown why he should be excused from the exhaustion requirement. See id. Accordingly, the Court agrees with the Report and Recommendation that Petitioner has not exhausted his administrative remedies and therefore his Petition will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation [**docket entry no. 19**] is **ADOPTED**. A separate final judgment dismissing the cause without prejudice will issue forthwith.

So **ORDERED**, this the 24th day of July, 2012.

                                         /s/ David Bramlette
                                     **UNITED STATES DISTRICT JUDGE**

---

[2] This letter was produced to Petitioner and included by Petitioner as a part of the record in this case. See docket entry 22-2.